**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ENRIQUEZ MIGUEL FLORES
BARRERA,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   17-71362

Agency No. A095-876-862

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2022[**]
Pasadena, California

Before: RAWLINSON, CHRISTEN, and KOH, Circuit Judges.

    Petitioner Enriquez Miguel Flores Barrera, a native and citizen of

Guatemala, seeks review of the Board of Immigration Appeals' ("BIA") decision

affirming the immigration judge's ("IJ") denial of asylum, withholding of removal,

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts of this case, we need not recite them here.

Substantial evidence supports the agency's adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-42 (9th Cir. 2010) (stating standard of review). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019).

The agency found petitioner's statements not credible because, although petitioner asserted that he had been continuously threatened in Guatemala and the United States for the past 20 years for witnessing police officers shoot his brother, he failed to disclose information related to the shooting in his asylum application or written statements. The IJ considered petitioner's explanations, including that he did not believe it was necessary to disclose these events and was afraid the police officers would seek revenge against him, but rejected them. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185-87 (9th Cir. 2016) (affirming the agency's adverse credibility determination in part because petitioner failed to disclose "pivotal" or "crucial" events, or events that would create a more compelling fear of

2

persecution). The agency properly considered "the totality of the circumstances[] and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). Petitioner has failed to show that the record compels us to reach a contrary conclusion. *See Don v. Gonzales*, 476 F.3d 738, 745 (9th Cir. 2007).

Substantial evidence also supports the agency's denial of petitioner's claim for protection under CAT. *See Shrestha*, 590 F.3d at 1048 (stating standard of review). "An adverse credibility determination is not necessarily a death knell to CAT protection." *Id.* But because petitioner's testimony was found not credible, other evidence in the record must compel the conclusion that he "is more likely than not to be tortured." *See id.* at 1048-49. The BIA did not err in concluding that petitioner is not entitled to protection under CAT because there was insufficient objective evidence, beyond petitioner's discredited testimony, to demonstrate that he is more likely than not to be tortured if returned. Petitioner failed to meet his burden of establishing eligibility for withholding of removal or protection under CAT. *See id.*[1]

**PETITION DENIED.**

---

[1] Petitioner failed to sufficiently challenge the IJ's determination that his asylum application was untimely. *See Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (citation omitted)).